Barbour, J.
An action, entitled as above, which, to save words, we will call “ suit No. 1,” was brought against the defendants to recover damages for an alleged libel, charged in the complaint to have been published in their newspaper, “ The Sunday Mercury.” The defendants, by their answer, admitted the publication, and averred the truth of the statements contained therein.
After the commencement of that action, and the service of the complaint, another action, (suit No. 2,) was commenced by the plaintiff against the same defendants, for another alleged libel, stated in the complaint to have been published, in like manner, by the defendants.
The complaint in that suit, No. 2, set up the fact that suit No. 1 had been brought by the plaintiff against the defendants for a libel, &c. and, for- cause of action, charged in several counts, that, subsequent to the institution of that suit, the defendants had published, in their paper, a series of libelous articles against the plaintiff, wherein the defendants stated and published, among other things, substantially that the trial of the suit No. 1 would afford them an opportunity to, and they would then prove that the statements, or some of them, setting them forth, contained in the alleged libelous article upon which No. 1 was founded, were true, and in their answer in suit No. 2 the defendants averred that they intended to, and *667 would prove, upon the trial of No. 1, the truth of those statements.
By reason of some motions and proceedings had in the action first commenced, suit No. 2 has obtained precedence over No. 1. A motion is now made by the defendants, at special term, upon the pleadings in both actions and affidavits, for an order directing that suit No. 1 be first tried at the jury term.
I can see no reason why the plaintiff should, in his complaint in suit No. 2, have set up the fact that the alleged libels there sued upon, were published after suit No. 1 had been commenced, unless it was done for the purpose of enhancing the damages to be recovered. Be that as it may, however, there can be .no doubt that the jury, upon the trial of suit No. 2, if that action shall be tried first, will be justified in giving a larger verdict for the polaintifif, in case they find the defendants persisted in publishing and repeating libelous articles, even after the serious nature of the charges made by them, and the injury they had done to the plaintiff, had been brought directly to their knowledge and attention by means of an action, than would otherwise be proper. So, too, if' a trial in suit No. 1 shall be had before No. 2 is reached, and the plaintiff shall succeed in such first suit, the jury may, properly, award punitive damages in suit No. 2, because of the injuries so repeated and continued in by the defendants, even after a suit had been commenced against them. On the other hand, it is equally clear that in case suit No. 1 shall be tried first, and the defendants shall there prove their alleged libelous charges to be true, and obtain a verdict in their favor, the plaintiff will not be entitled to recover exemplary or punitive damages because of repetitions of the first alleged injury.
As a contrary course might, possibly, embarrass the court or counsel upon the trial, I express no opinion here as to whether the defendants will, or will not, have a perfect defense in suit No. 2, in case they succeed, upon the trial of No. 1, in proving what they say they will in the alleged libelous articles embraced in suit No. 2, and in their answer. But, for the reasons I have mentioned, I will direct that suit No. 2 be *668 taken from its present position, and placed upon the calendar, next following No. 1; so that, if deemed advisable, they may both be tried before the same justice.
That is all I can do. It would, manifestly, he improper for me to direct as to which cause shall be first tried. Each judge, must, of course, he permitted to control the order of business before himself.
Ten dollars, costs of this motion, are awarded to the party eventually succeeding in suit No. 2.